IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOMMY WADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: |
| SAFETY SIGNAL COMPANY, INC. | ) _____ |
| and DOLORES SHIRLEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## COMPLAINT

PLAINTIFF TOMMY WADE files this Complaint against DEFENDANTS SAFETY SIGNAL COMPANY, INC. ("Safety Signal") and DOLORES SHIRLEY ("Shirley" and, together with Safety Signal, "Defendants"), and for this cause of action states the following:

*Nature of the Claim*

1.    Plaintiff brings this action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., which have deprived Plaintiff of his lawful wages.

2. This action seeks unpaid wages, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### *Jurisdiction and Venue*

3. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5. Plaintiff Wade is a resident of Clayton County, Georgia and began his employment with Defendants in the middle of 2015.

6. Defendant Safety Signal is organized under the laws of the State of Georgia, is authorized to do business in the State of Georgia, and has a principal office address of 5077 Sunset Strip, Union City, GA  30291.

7. Defendant Safety Signal can be served via its registered agent, Dolores Shirley, located at 5077 Sunset Strip, Union City, GA  30291.

8. Upon information and belief, Defendant Shirley is a resident of Georgia.

9. At all times relevant to this action, Defendant Shirley has been Defendant Safety Signal's owner and officer.

10. At all times relevant to this action, Defendant Shirley has acted in the interest of an employer toward Plaintiff, hired Plaintiff, exercised responsibility, discretion and control over Plaintiff's compensation and terms of employment, including his working hours and overtime compensation, exerted substantial control over Defendant Safety Signal's compliance with the Fair Labor Standards Act, and has been a corporate officer with operational control of Safety Signal. Therefore, Defendant Shirley may be held liable in her individual capacity as an "employer" for Defendants' FLSA violations.

*Factual Allegations*

11. At all times relevant to this action, Defendants were "employers" within the meaning of 29 U.S.C. § 203(d) and were not exempt from the overtime provisions of the FLSA.

12. Upon information and belief, at all times relevant to this action, Defendant Safety Signal's has been a private employer engaged in interstate commerce and its annual gross sales volume has exceeded $500,000.

13. Plaintiff was an "employee" of Defendants' within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing hereof. Defendants employed Plaintiff as a traffic control worker.

14. At all times relevant to this action, Defendants classified Plaintiff as non-exempt for FLSA purposes and paid him on an hourly basis.

15. Plaintiff was a non-exempt employee within the meaning of the FLSA throughout his employment with Defendants and was subject to the overtime provisions of the FLSA.

16. During Plaintiff's employment with Defendants, Plaintiff worked hours in excess of forty hours per week for which Defendants failed to compensate him at a rate of time-and-a-half his regular rate of pay for those hours. In particular, Plaintiff routinely worked for Defendants for 40 to 60 hours per week. Defendants routinely compensated Plaintiff for 40 hours each week at a rate of $13.00 per hour. Defendants routinely required Plaintiff to endorse his check at the end of the workweek, after which they brought the check to their bank and cashed it, and then Defendants provided cash in an envelope to Plaintiff.

17. In addition to paying Plaintiff his hourly rate, Defendants routinely paid to Plaintiff an additional $100 in cash every few weeks for the work that he performed.

18. At all times relevant to this action, Defendants did not compensate Plaintiff for the overtime that he worked.

19. Plaintiff's supervisors were aware of the hours Plaintiff worked for which he was not compensated at a rate of time-and-a-half his regular rate of pay.

20. At all times relevant to this action, Defendants have failed to maintain accurate time records for all hours worked by Plaintiff.

21. Defendants have willfully and intentionally failed and/or refused to compensate Plaintiff in accordance with the FLSA.

22. Plaintiff has retained The Weiner Law Firm LLC to represent him in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

23. Plaintiff's consent to participate in this action is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

**(Overtime Compensation Due Under 29 U.S.C. § 207)**

24. Plaintiff re-alleges paragraphs 1 through 23 above and incorporates them here by reference.

25. By engaging in the conduct described above, Defendants failed to pay Plaintiff at a rate of pay not less than one-and-a-half times his regular rate of pay

for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

26. Defendants' actions in failing to compensate Plaintiff in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

27. As a result of Defendants' violation of the FLSA, Plaintiff is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court award him:

i. damages in the amount of his unpaid wages, according to proof, and pursuant to the FLSA;

ii. an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

iii. prejudgment interest;

iv. costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

v. reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

  vi. such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which he has a right to a jury.**

DATED: January 28, 2016

        By: /s/ Andrew L. Weiner
         Andrew L. Weiner
         Georgia Bar No. 808278
         Jeffrey B. Sand
         Georgia Bar No. 181568
         THE WEINER LAW FIRM LLC
         3525 Piedmont Road
         7 Piedmont Center, 3rd Floor
         Atlanta, Georgia 30305
         (404) 205-5029 (Tel.)
         (404) 254-0842 (Tel.)
         (866) 800-1482 (Fax)
         aw@atlantaemployeelawyer.com
         js@atlantaemployeelawyer.com

         COUNSEL FOR PLAINTIFF