# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TOMMY WADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: |
| SAFETY SIGNAL COMPANY, INC. | ) 1:16-cv-00258-LMM |
| and DOLORES SHIRLEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF ACTION WITH PREJUDICE

Plaintiff Tommy Wade and Defendants Safety Signal, Inc. and Dolores Shirley jointly move the Court to approve the settlement agreement Plaintiff and Defendants have entered into and to dismiss this action with prejudice. In support of their request, the parties jointly state and agree to the following:

Plaintiff is a former employee of Defendants. Plaintiff worked for Defendants for several weeks and he contends in this action that Defendant violated the Fair Labor Standards Act when it allegedly failed to compensate him for all of the overtime that he worked during his employment. Defendants generally deny Plaintiff's allegations, contend that Plaintiff was compensated for

1

all of the hours that he worked, and deny that Plaintiff is entitled to the relief he seeks.

In the context of a private lawsuit brought by an employee against an employer under the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). As the Eleventh Circuit explained in *Lynn's Food Stores*:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employee provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching, if a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, after extensive settlement negotiations, the parties have reached an amicable resolution of Plaintiff's claims. The settlement agreement is attached hereto as Exhibit 1. Prior to reaching settlement, Plaintiff served discovery requests on Defendants and the parties informally shared relevant information,

including pay records and information concerning the hours that Plaintiff allegedly worked.  Based on the information exchanged by the parties, Plaintiff and Defendants recognize that they each face difficulty in proving the hours that Plaintiff worked (or did not work), and therefore they believe that the settlement represents a fair and reasonable compromise of the disputed legal and factual issues in this case.

In addition, all parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  The parties' respective counsel are experienced wage and hour litigators and believe this settlement is fair and reasonable in light of the strengths and weaknesses of the parties' claims and defenses and the risks of continued litigation.  The parties' proposed settlement is the result of extensive, arm's-length negotiations and is not the result of collusion, and the attorneys' fees and costs contained in the settlement were calculated as a percentage of the overall recovery.

For the foregoing reasons, the parties respectfully request that the Court approve the settlement agreement entered into between Plaintiff and Defendants. The parties also request that the Court dismiss this action *with prejudice*.  Pursuant to the Court's Standing Order, attached hereto as Exhibit B is a proposed order.

Respectfully submitted, this 13th day of May, 2016.

s/  Andrew L. Weiner  
Andrew L. Weiner  
Georgia Bar No. 808278  
Jeffrey B. Sand  
Georgia Bar No. 18156  
The Weiner Law Firm LLC  
3525 Piedmont Road  
7 Piedmont Center, 3rd Floor  
Atlanta, GA  30281  
(404) 254-0842  

*Counsel for Plaintiff*

s/ Joseph Costyn  
Joseph Costyn  
Georgia Bar No. 103557  
Costyn Law  
456 South Howard St.  
Atlanta, GA  30317  
(404) 512-1858  

*Counsel for Defendants*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

Counsel for Plaintiff certifies that this document was prepared in compliance with NDGa LR 5.1.  This document was prepared in Times New Roman 14-point font.

*s/ Andrew Weiner*  
Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TOMMY WADE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CIVIL ACTION NO.: |
| SAFETY SIGNAL COMPANY, INC. and DOLORES SHIRLEY, | ) 1:16-cv-00258-LMM ) ) |
| Defendants. | ) ) ) |

## CERTIFICATE OF SERVICE

I certify that on May 13, 2016, I electronically filed the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF ACTION WITH PREJUDICE** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys authorized to receive such notification.

*/s/ Andrew Weiner*
Counsel for Plaintiff

5